# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

NO. 4:06-CR-16-FL
NO. 4:09-CV-93-FL

| | |
|---|---|
| **MELVIN PAUL GARRIS,** )<br>　　Petitioner, )<br> )<br>v. )<br> )<br>**UNITED STATES OF AMERICA**, )<br>　　Respondent. )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION** |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-56) Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-43). Petitioner has filed a response (DE-59) and the Government's Motion to Dismiss is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-56) be GRANTED and that Petitioner's Motion to Vacate (DE-43) be DENIED.

## I.  Background

Petitioner was charged on February 22, 2006 in a forty-seven count indictment (DE-1). On August 23, 2006, Petitioner agreed to plead guilty to: 1) Mail Fraud in violation of 18 U.S.C. § 1341 (Count 3); 2) Wire Fraud in violation of 18 U.S.C. § 1343 (Count 41); 3) False Statement Regarding Federal Workers' Compensation Benefits (FECA Fraud) in

violation of 18 U.S.C. § 1920 (Count 44); and 4) Unlawful Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) (Count 47)(DE-17). The Government agreed to dismiss all other counts of the indictment (DE-17). This guilty plea was memorialized in a Plea Agreement and approved by this Court following a Rule 11 hearing (DE's 15-17). Petitioner was sentenced on November 29, 2006 to a total of 324 months imprisonment. (DE-22). A Notice of Appeal was filed by Petitioner on November 30, 2006 (DE-20). The Fourth Circuit dismissed Petitioner's claims and affirmed his sentence on February 20, 2008 (DE-38). In doing so, the Fourth Circuit relied in part upon the waiver of appellate rights contained in Petitioner's Plea Agreement. On March 10, 2008, the Fourth Circuit entered its Mandate (DE-40). Petitioner later filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (DE-50). That motion was granted on November 3, 2008, and Petitioner's sentence of imprisonment was reduced from 324 months to 262 months (DE-52). Finally, Petitioner filed the instant motion on May 26, 2009 (DE-43).

## II. Legal Standards

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. Such a motion to dismiss should not be granted unless it appears certain that plaintiff can prove no set of facts that would support his claim and entitle him to relief. *See* Mylan Laboratories v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court assumes that the allegations of the complaint are true and construes them in a light most favorable to the plaintiff. *See* Jenkins v. McKeithen,

395 U.S. 411, 421 (1969); GE Investment Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001). Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. *See* Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B. 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

"In a §2255 proceeding, the burden is on the petitioner to prove his allegations by a preponderance of the evidence, not on the government to disprove them." Abdul-Aziz v. United States, 2008 WL 4238943, *5 (N.D.W.Va. Spt. 12, 2008) (unpublished decision) (citing Sutton v. United States v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006) (unpublished decision)); see also, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (stating that during a "proceeding under 28 U.S.C. § 2255 . . . the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . .").

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

  (1) the date on which the judgment of conviction becomes final;

  (2) the date on which the impediment to making a motion created by

3

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f)(1-4).

## C. Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of counsel. To prevail on his claims of ineffective assistance, Petitioner must satisfy two well-established requirements. First, he "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984); see also, Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997), *cert. denied*, 522 U.S. 1010 (1997). Review of counsel's performance in this regard is highly differential. Strickland, 466 U.S. at 689. Second, Petitioner must also demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; *see also*, Satcher, 126 F.3d at 572.

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1975). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.

4

Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), *cert. denied*, 488 U.S. 843 (1988).

### III. Analysis

Here, the Fourth Circuit entered its Judgment dismissing Petitioner's direct appeal on February 20, 2008, and issued its Mandate on March 10, 2008 (DE's 39 & 40). Petitioner did not file for certiorari with the Supreme Court. Therefore, the § 2255 one-year limitation period applicable to Petitioner started to run on May 20, 2008, 90 days after entry of the Judgment on February 20, 2008. Clay v. United States, 537 U.S. 522 (2003). Petitioner, however, did not file his § 2255 motion until May 26, 2009. Therefore, Petitioner's Motion to Vacate is untimely on its face, and must be dismissed unless it is eligible for equitable tolling.

The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. Specifically:

> any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
> Id.

5

Case 4:06-cr-00016-FL   Document 60   Filed 02/17/10   Page 5 of 12

Moreover, a litigant seeking equitable tolling also bears the burden of establishing that he has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Here, there is no assertion that the Government prevented Petitioner from asserting his claim by some wrongful conduct. Thus, Petitioner must establish that extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Petitioner has failed to meet this burden. Specifically, Petitioner contends that he:

> placed his § 2255 motion in the prison mail office on May 9, 2009, it was stamped received May 13, 2009 by the Clerk U.S. District Court, EDNC. The Clerk returned the motion in its entirety to the Petitioner because the (in forma pauperis) was not signed. After the Petitioner received the motion he immediately signed the in forma pauperis and returned it to the prison mail room on May 20, 2009 to be mailed. (DE-59, pg. 1-2).

These contentions are insufficient to support the doctrine of equitable tolling. Generally, a defendant seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. Likewise, Petitioner's unfamiliarity with the process of properly filing a 2255 petition does not justify equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392

6

(5th Cir.1999) (noting that unfamiliarity with the law due to illiteracy does not toll limitations period). Thus, there are no extraordinary circumstances that prevented Petitioner from bringing a timely § 2255 motion. Nor has Petitioner established that he has been diligently pursuing his rights. Accordingly, the undersigned RECOMMENDS that Petitioner's Motion to Vacate be dismissed on the grounds that it is time-barred.

Moreover, Petitioner's Motion to Vacate fails to state a claim even if it was timely. In his Motion to Vacate Petitioner asserts that: 1) his guilty plea was involuntary; 2) his trial counsel was ineffective because he failed to move for a dismissal of the indictment or a bill of particulars; and 3) his trial counsel's representation fell below the standard of reasonableness (DE-43, pg. 4-8).

Upon direct appeal the Fourth Circuit reviewed the entire record and implicitly deemed the Plea Agreement valid by relying upon the waivers contained therein to reach its determination. In pertinent part, the Memorandum of Plea Agreement states:

> This Memorandum constitutes the full and complete record of the plea agreement. There are no other terms of this agreement in addition to or different from the terms herein . . .
>
> The Defendant agrees . . . [t]o waive waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence of imprisonment in excess of the advisory Guideline range, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty

7

>plea.
>(DE-17, pg. 1-3).

The Fourth Circuit has held that a waiver of collateral-attack rights is valid as long as the waiver is knowingly and voluntarily made. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir.2005). Determining whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir.1992) (internal citation and quotation marks omitted). "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.' " United States v. White, 366 F.3d 291, 295 (4th Cir.2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.' " Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir.1975)). If a district court determines that a petitioner knowingly and voluntarily waived his collateral-attack rights, and that the petitioner's claims fall within the scope of the waiver, the court must dismiss the § 2255 motion without addressing the merits of those claims. *See* Id. at 22.

Having reviewed the record in this case, the Court agrees with the Government that Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. By signing the plea agreement, Petitioner affirmed that he had carefully reviewed

8

the agreement with his attorney and that he understood the plea agreement's terms. Moreover, during the plea hearing, Petitioner testified as follows:

> THE COURT: Let me ask you, Mr. Garris, have you discussed your case with your lawyer?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: And have you had sufficient time for those discussions?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Are you satisfied with the services of your attorney?
>
> THE DEFENDANT: Yes, your Honor . . .
>
> . . . THE COURT: Mr. Garris, did you read and discuss the plea agreement with your lawyer before you signed it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And, Mr. Martin, have you reviewed each of the terms of the plea agreement with Mr. Garris and are you satisfied that he understands those terms.
>
> MR. MARTIN: Yes, your Honor.
>
> THE COURT: Mr. Martin, does the plea agreement represent the entire agreement between the defendant and the government?
>
> THE DEFENDANT: Yes.
>
> MR. MARTIN: Yes, your Honor.
>
> THE COURT: Is that your understanding, as well, Mr. Garris?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you answered truthfully all of my questions?

> THE DEFENDANT: Yes.
>
> THE COURT: Is there any other information or advice that you want before you tender a plea?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you need to discuss your plea with your attorney before proceeding further?
>
> THE DEFENDANT: No.
>
> THE COURT: Is there any statement you wish to make before entering your plea?
>
> THE DEFENDANT: No, your Honor.
> (Rule 11 Hrg. Tr. 17, 26, 34).

Thus, Petitioner's assertions in his Motion to Vacate directly contradict his sworn statements made during a Rule 11 colloquy. Therefore they are hereby deemed 'palpably incredible' and 'patently frivolous or false.' " [Lemaster, 403 F.3d at 221](#) (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir.1975)).

The vast majority of Petitioner's claims were "known to . . . [him] at the time of . . .[his] guilty plea" and are therefore barred by his Plea Agreement. With regard to those claims which would not have been know at the time of Petitioner's guilty plea (specifically Ground Three, subsections (ii) and (iii) contending that counsel failed to timely and properly object to the Presentence Investigation Report and failed to prepare for Petitioner's Sentencing), Petitioner fails to show that counsel's actions fell below any standard of reasonableness. On the contrary, the clear and objective facts show that his counsel represented him thoroughly and effectively. Indeed, the transcript from Petitioner's

10

sentencing indicates that counsel made several objections to the Presentence Investigation Report and was well prepared (Tr. 6-13). Regardless, even if Petitioner could show that counsel's actions fell below any standard of reasonableness, he fails to meet his burden of showing that the outcome or result of his conviction would have been different but for the alleged errors of counsel. Strickland, 466 U.S. at 694.

In short, Petitioner's claims: 1) are time-barred; 2) are barred by his Plea Agreement; 3) directly contradict his sworn statements made during a Rule 11 colloquy and are therefore deemed "patently frivolous or false"; and 4) are otherwise without merit.

## IV. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-56) be GRANTED and that Petitioner's Motion to Vacate (DE-43) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 17th day of February, 2010.

_____
William A. Webb
U.S. Magistrate Judge