IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:06-CR-16-FL
NO. 4:09-CV-93-FL

| | |
|---|---|
| MELVIN PAUL GARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 43) and respondent's motion to dismiss (DE # 56). Pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Proceedings, these motions were referred to United States Magistrate Judge William A. Webb. The magistrate judge has entered his memorandum and recommendation ("M&R"), in which he recommends the court grant respondent's motion to dismiss and deny petitioner's motion to vacate. Petitioner filed a response objecting to the M&R, and respondent has nor responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court overrules petitioner's objection, adopts the M&R, and grants respondent's motion to dismiss.

## BACKGROUND

On August 23, 2006, petitioner entered a plea of guilty, pursuant to a plea agreement, to mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, false statement or fraud to obtain federal employee's compensation in violation of 18 U.S.C. § 1920, and distribution

of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). On November 29, 2006, the court sentenced petitioner to a term of three hundred twenty-four (324) months imprisonment.

On November 30, 2006, petitioner filed a notice of appeal to the Fourth Circuit Court of Appeals. On February 15, 2008, the court of appeals affirmed in part and dismissed in part. See United States v. Garris, 264 F. App'x 290 (4th Cir. 2008) (per curiam) (unpublished). Petitioner's claims regarding the determination of his guidelines range were dismissed, and his sentence affirmed. Id. at 291.

On May 26, 2009, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner alleges that he received ineffective assistance of counsel. On January 4, 2010, respondent filed a motion to dismiss, arguing that petitioner's action is time-barred. Petitioner filed a response on January 25, 2010.

The undersigned referred the motion to the magistrate judge for M&R, and on February 17, 2010, the magistrate judge issued his recommendation. The magistrate judge found that petitioner's petition was time-barred. Alternatively, the magistrate judge found that the petition failed to state a claim upon which relief may be granted. In his objection, petitioner states that he "objects to the Magistrate Judge['s] recommendation[] in [its] entirety" in order to "preserve his right for appeal." (Pet.'s Obj. 1.)

## DISCUSSION

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d

44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

In this case, petitioner generally objects to the magistrate judge's recommendation that his petitioner be dismissed. His objection fails to direct the court's attention to a specific alleged error in the M&R. Rather, he states that he submitted his objection in order to preserve his right to appeal. Because petitioner presents only a general objection, the court finds that he has waived *de novo* review of his objection. Because the court discerns no clear error in the magistrate judge's findings and recommendations, the M&R is adopted in full, respondent's motion to dismiss granted, and petitioner's motion under § 2255 dismissed.

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the court ADOPTS as its own the magistrate judge's recommendation on the merits (DE # 60). Respondent's motion to dismiss (DE # 56) is GRANTED, and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 43) is DISMISSED. The certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 21st day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

4